IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DERRICK CRAWFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3115 |
| | ) | |
| GREGORY SIMS, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Respondent Gregory Sims' Motion to Dismiss (d/e 10). Petitioner Derrick Crawford filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 5) (Petition). Respondent moves to dismiss because the Petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1). The Court agrees. The Motion is ALLOWED.

STATEMENT OF FACTS

In 1998, a jury in Sangamon County, Illinois, Circuit Court found Crawford guilty of murder. On August 18, 1998, Crawford was sentenced to 35 years imprisonment. On June 2, 2000, the Illinois Appellate Court

affirmed the conviction. On October 4, 2000, the Illinois Supreme Court denied Crawford's Petition for Leave to Appeal (PLA).

Crawford states that, sometime thereafter, he went to the prison law library for assistance in preparing a state post-conviction petition. Crawford states that he was assigned to a law clerk, and he was instructed to leave his paperwork with the law clerk and wait for instructions from the law clerk. Crawford states that he believed that there was nothing further he was supposed to do until instructed by the law clerk. Crawford states, "[A]fter which, the law clerk fell upon mishap, resulting in petitioner being unable to research, prepare and file his post-conviction petition." <u>"Pro se" Petitioner's Response to Respondent's Motion to Dismiss Petition for Habeas Corpus Relief [28 U.S.C. § 2254] (d/e 12)</u>, at 2.

Crawford eventually filed a state post-conviction petition on March 19, 2007. The petition was dismissed as untimely. The dismissal was affirmed on appeal. The Illinois Supreme Court denied Crawford's PLA on March 25, 2009. Crawford then filed this Petition on May 12, 2009. The Respondent now moves to dismiss.

## ANALYSIS

The statute of limitation for § 2254 petitions states:

>    (1)   A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The expiration of the time for seeking review of his conviction occurred on January 2, 2001.  This was the date the time expired for Crawford to petition the Supreme Court for a writ of certiorari after the October 4, 2000, denial of his PLA.  <u>Anderson v. Litscher</u>, 281 F.3d 672,

675 (7th Cir. 2002). The statute, thus, ran on January 2, 2002, long before Crawford filed this Petition. 28 U.S.C. § 2244(d)(1)(A).

Crawford argues the statute did not begin to run on January 2, 2001, because the state created an impediment to him filing the Petition in violation of the constitution. 28 U.S.C. § 2244(d)(1)(B). Crawford argues that the state kept him from filing the state post-conviction petition by directing him to a law clerk who failed to assist him. The state, therefore, kept him from filing the state post-conviction petition in violation of his constitutional right to access to the courts. Crawford argues that this state action kept him from filing this federal Petition because he was required to file the state post-conviction petition first in order to exhaust state remedies before bringing this Petition. 28 U.S.C. § 2254(b)(1)(A).

Crawford fails to demonstrate that the state created an impediment in violation of the Constitution. Crawford does not state when he went to the law library for assistance. He did not file his state post-conviction petition until March 19, 2007, more than six years after his direct appeal was over. If he went to the law library after January 2, 2002, then the one-year statute had already run. If one assumes that he went to the law library before January 2, 2002, then he waited years before determining that his

state post-conviction petition had not been prepared. Had he been diligent, he would have discovered that he was mistaken about his responsibilities in pursuing post-conviction relief. Either way, the delay was the result of his lack of diligence, not an impediment created by the state.

THEREFORE, the Respondent's Motion to Dismiss (d/e 10) is ALLOWED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 5) is DISMISSED with prejudice. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   October 21, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE